EISNAUGLE, J., dissenting.
I respectfully dissent because I find no meaningful distinction between the facts of this case and Van Vorgue v. Rankin, 41 So.3d 849 (Fla. 2010). In Van Vorgue, our supreme court made it clear that a trial court's order directing proceeds from the sale of real property in escrow is not an injunction where the funds were already "restricted" by agreement of the parties. Id. at 853.
As in Van Vorgue, the parties here entered into a loan agreement wherein Former Wife granted Former Husband the right "to direct or cause to direct on a first priority basis the proceeds of the sale of the [Merritt Island home]." Therefore, the trial court's order relates to "restricted" funds and, as Van Vorgue instructs, is not in the nature of an injunction.
Importantly, the trial court itself has not yet reached the merits of Former Husband's claims. Perhaps Former Husband is attempting to obtain relief to which he is not entitled, but I cannot conclusively determine as much based on the limited and undeveloped record before us. At a minimum, a bona fide dispute remains on the face of our record as to Former Husband's claim for a yet-to-be-determined amount of costs and interest.
Accordingly, Van Vorgue forecloses Former Wife's argument that the trial court was without authority to direct the funds to escrow, and she has not raised an alternative argument that the trial court erred in the amount directed. Therefore, on this record, I would apply Van Vorgue and allow the trial court to resolve the parties' claims after hearing all of the evidence.